UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA M KRZMARZICK,<br><br>               Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>               Defendant. | CASE NO. 3:17-CV-05343-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed. *See* Dkt. 11, 15, 16.

      Plaintiff was working as a janitor, cleaning a vent, when she tore the medial meniscus in her left knee. AR. 622. Examining physician Dr. Floyd Sekeramayi, M.D.,

diagnosed plaintiff with a chronic left knee medial meniscus tear, and found that the diagnosis is severely limiting. AR. 715. With respect to plaintiff's ability to sit, walk, and/or stand, Dr. Sekeramayi opined that plaintiff's "maximum standing/walking capacity is at least two hours. . . ." AR. 715.

The Administrative Law Judge ("ALJ") characterized this evidence as consistent with light work. AR. 40. However, the ambiguity of Dr. Sekeramayi's opinion with respect to plaintiff's maximum and minimum ability to walk and/or stand triggered the ALJ's duty to conduct an appropriate inquiry and allow for proper evaluation of the evidence. Moreover, to the extent that the ALJ rejected this portion of Dr. Sekeramayi's opinion, the ALJ failed to provide a specific and legitimate reason supported by substantial evidence. This error is not harmless, as it calls into question the ALJ's reliance on Dr. Sekeramayi's opinion in finding that plaintiff is capable of performing light work.

Therefore, for the reason stated and based on the record as a whole, Court concludes that this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

BACKGROUND

Plaintiff, LISA M. KRZMARZICK, was born in 1965 and was 48 years old on the amended alleged date of disability onset of June 25, 2013. *See* AR. 59, 273-79. Plaintiff graduated from high school and completed a couple of years of college. AR. 61. Plaintiff has work experience as a custodian/janitor, childcare worker, housekeeper and

laundry aide. AR. 364-75. She left her last employment when she was injured on the job. AR. 64-65.

According to the ALJ, plaintiff has at least the severe impairments of "Chronic left knee abnormality, obesity, diabetes, hypertension, hyperlipidemia, left foot abnormalities, right radiculopathy, and bipolar disorder (20 CFR 404.1520(c))." AR. 27.

At the time of the hearing, plaintiff was living with her husband. AR. 62-63.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR. 156-58, 165-68. Plaintiff's requested hearing was held before ALJ David Johnson on November 3, 2015. *See* AR. 55-87. On December 17, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 22-54.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ provided legally sufficient reasons to reject Dr. Sekeramayi's opinion; (2) Whether the ALJ provided legally sufficient reasons to reject Dr. Kawasaki's opinion; (3) Whether the ALJ provided legally sufficient reasons to reject the lay evidence; (4) Whether the ALJ provided legally sufficient reasons to reject plaintiff's subjective symptom testimony; (5) Whether in light of these errors, the residual functional capacity ("RFC"), hypothetical questions, and step five finding remain supported by substantial evidence. *See* Dkt. 11 at 1.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**(1) Whether the ALJ provided legally sufficient reasons to reject Drs. Sekeramayi and Kawasaki's opinions.**

Plaintiff contends that the ALJ erred in evaluating the medical opinion evidence provided by examining physician, Dr. Sekeramayi. Dkt. 11 at 4-9. Specifically, plaintiff argues that the ALJ did not include certain limitations contained in Dr. Sekeramayi's opinion, despite giving great weight to the opinion. *Id.* The Court notes that plaintiff does not specifically raise the issue of whether Dr. Sekeramayi's opinion is ambiguous, but appears to do so generally – contending that defendant's interpretation of the evidence was impermissible reading of the evidence. *Id.* at 5-6. Defendant argues that the ALJ's interpretation of Dr. Sekeramayi's opinion was rational in light of the overall medical record. Dkt. 16 at 2; *see* AR. 40.

Dr. Sekeramayi diagnosed plaintiff with "chronic left knee medial meniscus tear" and found that the diagnosis is severely limiting. AR. 715. With respect to plaintiff's ability to sit, walk, and/or stand, Dr. Sekeramayi opined that plaintiff's "maximum standing/walking capacity is at least two hours," and that her maximum sitting capacity is

six hours. AR. 715. Dr. Sekeramayi reasoned, "[j]ustification for limitation is symptomatic left knee medial meniscus tear with physical findings supporting the claimant favoring the left knee such as quadriceps muscle wasting and positive McMurray's sign and confirmation of meniscus tear on MRI." *Id.*

The ALJ gave great weight to Dr. Sekeramayi's opinion, but characterized the limitation that plaintiff's "[m]aximum standing/walking capacity is at least two hours[,]" as consistent with light work. AR. 30, 40.

In order to perform the full range of light work, a person must stand or walk, "off and on, for a total of approximately 6 hours of an 8–hour workday." SSR 83–10, 1983 WL 31251, at *6. On the other hand, sedentary work requires periods of standing or walking that "total no more than about 2 hours of an 8–hour workday, and sitting should generally total approximately 6 hours of an 8–hour workday." SSR 83–10, 1983 WL 31251, *5; *see also* 20 C.F.R. § 404.1567(a), § 416.967(a); *Merritt v. Colvin*, 2015 WL 4039355, at *1 (W.D. Wash. July 2, 2015) (a limitation to standing/walking for two hours in an eight-hour day coincides with a sedentary exertional work level).

Here, the evidence underlying the ALJ's interpretation is ambiguous. The ALJ appears to have acknowledged this ambiguity in Dr. Sekeramayi's opinion, but interpreted the evidence as a minimum, not a maximum, stating "Dr. Sekeramayi opined that the claimant's minimum ability to stand and/or walk was two hours in an eight-hour workday; he did not indicate that this was her maximum ability to stand or walk." AR. 40. However, with respect to plaintiff's ability to sit, walk, and/or stand, Dr. Sekeramayi

opined that plaintiff's "*maximum* standing/walking capacity is at least two hours," suggesting that Dr. Sekeramayi may have opined exactly that. AR. 715 (emphasis added).

While defendant is correct that Dr. Sekeramayi's use of the words "at least" theoretically *could* indicate that Dr. Sekeramayi intended the language "[m]aximum standing/walking capacity is at least two hours[,]" AR. 715, to be a "floor, rather than a ceiling," Dkt. 15 at 2, it is not clear from Dr. Sekeramayi's report what that ceiling might be. Moreover, it seems more likely that Dr. Sekeramayi's use of the word "maximum" indicates that he intended the two-hour standing/walking limitation to be an approximate ceiling, not a floor. It also unclear from Dr. Sekeramayi's report whether plaintiff would need to sit for a period of time after standing/walking, and if so, how long. *See* AR. 715.

"Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen,* 80 F.3d at 1288) (quotation marks omitted). Although plaintiff bears the burden of proving disability, the ALJ has an affirmative duty to assist the claimant in developing the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *See Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001) (citation omitted). "It is simply not enough for the ALJ to bemoan the dearth of medical evidence." *Held v. Colvin,* 82 F. Supp. 3d 1033, 1040 (N.D. Cal. 2015) (citing *Dervin v. Astrue,* 407 Fed.Appx. 154, 156 (9th Cir. 2010) (finding ALJ criticized the lack of "a treatment history with clinical and diagnostic findings" but failed to seek supplemental material from claimant's doctors)). Therefore, the ALJ should have

contacted Dr. Sekeramayi to resolve the ambiguity. Therefore, the ALJ erred by failing to satisfy his duty to conduct an appropriate inquiry based on the ambiguous evidence.

Although the ALJ did not expressly reject Dr. Sekeramayi's standing/walking limitation, the ALJ failed to provide any support for the conclusion that "light work" would accommodate this limitation. For example, if Dr. Sekeramayi's opinion indeed reflects a maximum, this undercuts the ALJ's reliance on Dr. Sekeramayi's opinion when finding that plaintiff is capable of performing light work. An ALJ may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (citing *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22. Thus, to the extent that the ALJ rejected this portion of Dr. Sekeramayi's opinion, the ALJ erred in failing to capture Dr. Sekeramayi's standing/walking limitation that the ALJ found was entitled to "great" weight. *See* AR. 40.

Defendant also argues that the ALJ's interpretation was rational in light of the overall medical record. Dkt. 16 at 2; *see* AR. 40. Defendant points to evidence from a July 2015 examination with Dr. Erin Kawasaki, D.O., which showed 5/5 strength, normal stability, negative McMurray's test, and negative Apley's. Dkt. 16 at 2-3; (citing AR. 775-76). The ALJ stated that Dr. Sekeramayi's opinion was consistent with Dr. Sekeramayi's own examination, as well as the longitudinal record. AR. 40. However, Dr. Sekeramayi's report indicates that plaintiff's gait was markedly antalgic favoring the lower extremity, plaintiff struggled with tandem and heel-toe walking due to pain in the

left knee, and that there was wasting of the quadriceps muscle, a positive McMurray's test, and confirmation of a meniscus tear on MRI. *See* AR 713-15. Thus, it is not clear from Dr. Sekeramayi's report or the overall medical record that plaintiff could stand/walk for approximately six hours in an eight-hour day required for light work, as the ALJ found.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Since the ALJ's RFC assessment is predicated, at least in part, on conclusions that lack substantial evidence, this Court cannot find such errors harmless. If Dr. Sekeramayi's opinion indeed is a maximum of approximately two hours total of

standing/walking in an eight-hour day, this opinion renders plaintiff incapable of performing light work. The ALJ's ultimate non disability determination was based on a finding that plaintiff could perform light work: if she cannot, this alters the ultimate disability determination. *See* AR. 44. Accordingly, this case must be remanded for further administrative proceedings to permit the ALJ properly to consider the medical opinion evidence.

Regarding challenges to the ALJ's evaluation of other medical opinions, because the Court concludes that the ALJ committed harmful legal error with respect to Dr. Sekeramayi's opinion, and based on the record as a whole, the Court concludes that the remaining medical evidence should be evaluated anew following remand of this matter, including the new evidence referenced by the Appeals Council. *See* AR. 6.

**(2)  Whether the ALJ provided legally sufficient reasons to reject the lay evidence.**

Although the ALJ found that the lay testimony was not consistent with the medical evidence, *see* AR. 42, the Court already has concluded that the ALJ erred when evaluating the medical evidence, *see supra*, section 1. Therefore, for this reason and based on the record, the ALJ should re-evaluate the lay evidence following remand.

**(3)  Whether the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony.**

Similarly, the Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20

C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

**(4) Whether the RFC, hypothetical questions, and step five finding are supported by substantial evidence.**

Plaintiff argues that given the errors with respect to the medical opinion evidence and plaintiff's subjective symptom testimony, the RFC and hypothetical questions relied on by the ALJ were not complete, such that substantial evidence did not support the step five findings. Dkt. 11 at 13. The Court addressed this argument in the context of the harmless error analysis, *see supra* section 1, section 3. Nevertheless, to the extent that this can be construed as a separate issue, plaintiff's RFC, hypothetical questions to the vocational expert and step five finding should be assessed anew following remand of this matter.

**(5) Whether remand for a finding of disability is the proper remedy.**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

Here, the medical opinion evidence in the record is ambiguous as to the exact nature of Dr. Sekeramayi's opined standing/walking limitation, and whether Dr. Sekeramayi's opinion supports the ALJ's finding that plaintiff is capable of light work. *See* AR. 40, 715. Therefore, issues remain in this case warranting remand for further administrative proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted) (reversal with a direction to award benefits is inappropriate if further administrative proceedings would serve a useful purpose); *See Kail v. Heckler,* 722 F.2d 1496, 1497 (9th Cir. 1984) (remand proper where additional administrative proceedings that would include "additional medical opinions regarding claimant's residual functional capacity" could remedy defects). Thus, remand for further administrative proceedings is appropriate.

//

//

//

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 23rd day of January, 2018.

J. Richard Creatura
United States Magistrate Judge